### ALONZO B. POPE v. O. E. MILLER.

1. FORCIBLE ENTRY AND DETAINER MAY BE MAINTAINED ON INDEFINITE LEASE.

    Where ·a lease is too indefinite and uncertain as to the commencement and duration of the term to constitute a valid and binding contract of rent for a term of years, a suit for unlawful detention may be maintained.

2. JUDGMENT IN COMMON PLEAS ON BILL OF PARTICULARS GOOD, WHEN.

    When the judgment of a justice of the peace in an action of forcible entry and detainer is reversed by the common pleas court and the cause retained for trial, it is the duty of the plaintiff to file a petition in that court; but if the parties proceed to trial, without objection, upon the bill of particulars filed in the magistrate's court, it is not error to found a judgment upon the statement contained in such bill of particulars.

3. SURPLUSAGE IN NOTICE TO QUIT.

    A notice to quit the premises signed by "O. E. Miller, agent for Kathryn Miller," is sufficient to sustain an action commenced by O. E. Miller, who is the real owner of the premises and rented the same to the defendant. The words "agent for Kathryn Miller" will, in the absence of proof to the contrary, be treated as surplusage.

HEARD ON ERROR.

Henry Woost and Chas. A. Groome, for plaintiff in error.

F. M. Gorman, for defendant in error.

## PER CURIAM.

The paper writing purporting to be a lease is too indefinite and uncertain as to the commencement and duration of the term to constitute a valid and binding contract of rent for a term of years and a suit for unlawful detention may be maintained.

.When the judgment of a justice of the peace in an action of forcible

entry and detainer is reversed by the common pleas court and the cause retained for trial, it is the duty of the plaintiff to file a petition in that court; but if the parties proceed to trial, without objection, upon the bill of particulars filed in the magistrate's court, it is not error to found a judgment upon the statement contained in such bill of particulars.

A notice. to quit the premises signed by "O. E. Miller, agent for Kathryn Miller," is sufficient to sustain an action commenced by O. E. Miller, who is the real owner of the premises and rented the same to the defendant. The words, "agent for Kathryn Miller," will, in the absence of proof to the contrary, be treated as surplusage.

Judgment affirmed.